UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRANT RICHARD SHERMAN,

    Petitioner,                                     Civil No. 2:07-CV-10654
                                                 HONORABLE ARTHUR J. TARNOW
v.                                                UNITED STATES DISTRICT JUDGE

THOMAS PHILLIPS,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Grant Richard Sherman, ("petitioner"), presently confined at the Pugsley Correctional Facility in Kingsley, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a); M.S.A. 28.788 (3). Respondent has filed a motion to dismiss, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has not filed a reply to the motion to dismiss. For the reasons stated below, petitioner's application for a writ of habeas corpus is **SUMMARILY DISMISSED**.

### I. Background

Petitioner was convicted of the above offense in the Presque Isle Circuit Court. The Michigan Court of Appeals affirmed petitioner's conviction and sentence on direct review. *People v. Sherman,* No. 230880 (Mich.Ct.App. August 21, 2001). By his own admission, petitioner did not file an application for leave to appeal with the Michigan Supreme Court following the affirmance of his conviction by the Michigan Court of

1

Appeals.

On August 16, 2004, petitioner filed a motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the Presque Isle Circuit Court. After the trial court and the Michigan Court of Appeals denied petitioner's post-conviction application, the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of post-conviction relief on June 26, 2006. *People v. Sherman,* 475 Mich. 886; 715 N.W. 2d 864 (2006). The instant petition was signed and dated February 5, 2007.[1]

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

---

[1] Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Id.* Because petitioner's habeas petition is signed and dated February 5, 2007, this Court assumes that this was the date that petitioner actually filed his petition with this Court.

by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *Holloway v. Jones,* 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001).

Under M.C.R. 7.302(C)(3), petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because petitioner did not file an application for leave to appeal with the Michigan Supreme Court, his conviction became final, for purposes of the AEDPA's statute of limitations, on October 16, 2001, fifty six days after the Michigan Court of Appeals affirmed his conviction. *See Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Petitioner therefore had until October 16, 2002 to file his petition for writ of habeas corpus with this Court, unless the limitations period was somehow tolled.

The Court recognizes that petitioner has cited to the United States Supreme Court case of *Crawford v. Washington,* 541 U.S. 36 (2004), in support of his claim. 28 U.S.C. § 2244(d)(1)(C) indicates that the one year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." A federal district court has the

ability to determine whether a newly recognized right has been made retroactively applicable to cases on collateral review, for purposes of this section or 28 U.S.C. § 2255 ¶ 6(3), the analogous provision of the statute of limitations for federal motions to vacate sentence. *See Wiegand v. United States,* 380 F. 3d 890, 892-93 (6th Cir. 2004); *Breese v. Maloney,* 322 F. Supp. 2d 109, 114 (D. Mass. 2004). The United States Supreme Court has held that *Crawford* is not to be applied retroactively to cases that were already final at the time of that decision. *Whorton v. Bockting*, 127 S. Ct. 1173, 1177 (2007). Because the *Crawford* decision was decided after petitioner's conviction became final, petitioner cannot avail himself of Section 2244(d)(1)(C) to delay the commencement of the one year limitations period. *See United States v. Canada,* 211 Fed. Appx. 287, 288 (5th Cir. 2006); *cert. den.* 127 S. Ct. 2116 (2007). Petitioner therefore had until October 16, 2002 to timely file his petition for writ of habeas corpus or to otherwise toll the limitations period.

Petitioner filed his post-conviction motion for relief from judgment on August 16, 2004, almost two years after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *See also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). The instant petition is therefore untimely.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite

which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition", a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F. 3d at 642.

In the present case, petitioner is not entitled to equitable tolling of the one year limitations period, because petitioner has failed to allege the existence of any extraordinary circumstances which prevented him from filing his habeas petition on time. *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766-67 (E.D. Mich. 2002). Moreover, petitioner has not shown diligence given that he waited more than two years after the conclusion of his direct appeals to seek either state post-conviction or federal habeas relief. He is thus not entitled to equitable tolling of the limitations period. *See Cummings v. Yukins,* 197 F. Supp. 2d 785, 788 (E.D. Mich. 2002).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be

5

credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191.

*Sherman v. Phillips,* 2:07-10654

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: September 12, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary